# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CORRELL ACCOUNTING, INC., d/b/a UNIFI, a California corporation<br><br>Plaintiff,<br><br>v.<br><br>AUTYMATE LLC, a Tennessee limited liability company; BRYAN M. PERDUE, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants,<br><br>-and-<br><br>AUTYFI, a California general partnership<br><br>Nominal Defendant. | Case No. **3:24-cv-01287**<br><br>**DEMAND FOR TRIAL BY JURY** |

## *EX PARTE* APPLICATION OF CORRELL ACCOUNTING, INC., D/B/A UNIFI FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that as soon as counsel may be heard at the United States District Court for the Middle District of Tennessee, Nashville Division, in the courtroom of the Honorable William L. Campbell, Jr., located in the United States Courthouse, 719 Church Street, Nashville, Tennessee 37203, Correll Accounting, Inc., d/b/a UniFi ("Plaintiff" or "UniFi"), will and hereby does move this Court on an *ex parte* basis for an Order granting its Application for a Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should

not Issue (the "Application"), against Defendants Autymate LLC, Bryan M. Perdue, and Nominal Defendant AutyFi (hereinafter, collectively, "Defendants"), to:

1. enjoin, restrain, and prohibit Defendants from preventing UniFi and its principal Lexi Correll from accessing the books, records, and other electronic records and files of AutyFi;

2. enjoin, restrain, and prohibit Defendants from preventing UniFi and its principal Lexi Correll from further participating in business development meetings and communications;

3. enjoin, restrain, and prohibit Defendants from preventing UniFi and its principal Lexi Correll from fully participating in the ownership and management of the partnership;

4. enjoin, restrain, and prohibit Defendants Autymate LLC and its principal Bryan Perdue from holding themselves out as the sole owner of the partnership's brand, services, intellectual property, and business development and contacts;

5. enjoin, restrain and prohibit Defendants Autymate LLC and its principal Bryan Perdue from using and selling the AutyFi software as their own exclusively;

6. enjoin, restrain and prohibit Defendants Autymate LLC and its principal Bryan Perdue from taking any further steps to restrict actual and potential customer access to the AutyFi platform or sign-up capabilities;

7. enjoin, restrain and prohibit Defendants Autymate LLC and its principal Bryan Perdue from taking any further steps to destroy evidence of UniFi and Correll's involvement and UniFi's partnership interest in AutyFi; and

8. enjoin, restrain, and prohibit Defendants from further misappropriating, disclosing, or otherwise profiting from UniFi's trade secrets and confidential, proprietary business information.

This Application is based on the grounds that UniFi and Autymate are partners in AutyFi—a general partnership created to develop innovative custom accounting integration software. UniFi's principal, Lexi Correll dedicated over two years contributing all her time and effort, as well as the time and effort of others within UniFi, to the partnership; UniFi made monetary capital contributions to the partnership as well. UniFi also provided substantial and valuable confidential business ideas, trade secrets and intellectual property to AutyFi, all for the purpose of making the partnership as successful and profitable as possible. Autymate's principal, Bryan Perdue even repeatedly acknowledged the existence of the partnership.

Nevertheless, as AutyFi prepared to launch to market, and it became clear that the partnership would be hugely successful, Perdue abruptly denied the existence of the partnership, and shut UniFi out of participating in any ownership, management, control, or decision making of AutyFi. Once UniFi had no choice but to file litigation, Defendants' misconduct only escalated, going so far as to completely shut down the AutyFi platform. The actions taken by Autymate, by and through Perdue, include (1) denying UniFi and Correll access to critical company records, proprietary data and trade secrets; (2) shutting UniFi and Correll out from participating in business development meetings and communications with prospective business partners and/or clients; (3) stealing UniFi's trade secrets and confidential business information and software contributions; and (4) demanding UniFi relinquish its intellectual property rights by executing a one-sided license agreement that strips it of all ownership in the software it co-developed.

As a result of Defendants' unlawful conduct, UniFi continues to suffer irreparable harm—including, but not limited to, harm to its reputation, goodwill, and relationships with existing and prospective customers who can no longer access their data or the AutyFi application. UniFi has also suffered extensive damages, including, but not limited to: the inability to access its accounts and records, proprietary business information, trade secrets, valuable software, and information critical to its survival and operations; damage to its reputation and goodwill with its business associates, customers, and personnel; and the loss of its share in the AutyFi partnership.

UniFi first filed this lawsuit in the Central District of California, but in the interest of time, refiled here based on Defendants' personal jurisdiction challenge. After the filing of the California lawsuit, Defendants' unlawful conduct only escalated—a clear punitive response to the filing of the lawsuit. Defendants even took the AutyFi application offline completely—preventing existing customers from accessing the application, newly-acquired customers from finalizing their contracts, and demonstrations of the application to potential customers. Defendants also deleted blog posts and other evidence of the partnership with UniFi and their connections to California.

Without this Court's swift intervention, UniFi will continue to suffer irreparable injury that cannot be remedied by money damages. Unifi can demonstrate a strong likelihood of success on the merits of its claims against Defendants. Defendants, on the other hand, have no real defenses, and will suffer no prejudice by simply being required to comply with their partnership and legal obligations. Finally, the public interest weighs decisively in favor of granting a TRO.

More than 36 hours prior to the filing of this Application, UniFi provided email notice of its intent to file this Application to Defendants' counsel as set forth in the Declaration of Christopher Frost ("Frost Decl."), filed concurrently herewith. Frost. Decl. ¶2. Counsel forwarded the complaint and related papers that had been filed at that time. Contemporaneous with the filing of the TRO papers (once a case number had issued), UniFi provided further email notice of the actual filing of the TRO papers, and attached the papers themselves. *Id.*

This Application is based on this *Ex Parte* Application, the attached Points and Authorities, the Declarations of Alexandra "Lexi" Correll ("Correll Decl.") and Christopher Frost filed concurrently herewith, UniFi's previously filed Complaint, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any oral argument or evidence that may be presented to or considered by the Court prior to its ruling on UniFi's Application.

Dated: October 30, 2024          Respectfully submitted,

*/s/ Christopher Frost*
Christopher Frost, Esq.* (CA Bar No. 200336)
Kevin S. Dicker, Esq.* (CA Bar No. 179315)
Ohia Amadi, Esq.* (CA Bar No. 268876)
Helen Kazariants. Esq.* (CA Bar No. 351480)
**FROST LLP**
10960 Wilshire Blvd., Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504
chris@frostllp.com
kevin@frostllp.com
ohia@frostllp.com
elen@frostllp.com

M. Lisa Odom, Esq.* (CA Bar No. 233860)
**ODOM LAW GROUP, APLC**
24801 Pico Canyon Rd., Suite 100
Santa Clarita, CA 91381
Telephone: (661) 367-1699
Facsimile: (661) 424-7994
lisa@odomlawgroup.com

*\* Pro Hac Forthcoming*

 -and-

*/s/ Lucas A. Davidson*
Lucas A. Davidson, Esq., (TN Bar No. 029955)
John T. Baxter, Esq., (TN Bar No. 035405)
**BUCHALTER, A PROFESSIONAL CORPORATION**
1 Music Circle South, Suite 300
Nashville, Tennessee 37203
Telephone: (629) 224-6600
Facsimile: (949) 720-0182
ldavidson@buchalter.com
jbaxter@buchalter.com

Mark T. Cramer, Esq.* (CA Bar No 198952)
**BUCHALTER, A PROFESSIONAL CORPORATION**
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
mcramer@buchalter.com

*\* Pro Hac Forthcoming*

*Attorneys for Plaintiff, Correll Accounting, Inc., d/b/a UniFi*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of this *Ex Parte Application of Correll Accounting, Inc., d/b/a Unifi for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should not Issue* was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system, and via electronic and/or U.S. mail, postage prepaid, on October 30, 2024, to:

Charles E. Elder, Esq.
Russell B. Morgan, Esq.
Rachel Sodee, Esq.
**BRADLEY ARANT BOULT CUMMINGS LLP**
1221 Broadway, Suite 2400
Nashville, TN 37203
Telephone: (615) 252-3872
Fax: (615) 252-6380
celder@bradley.com
rmorgan@bradley.com
rsodee@bradley.com

                                      */s/ Lucas A. Davidson*
                                      Lucas A. Davidson, Esq.